IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JACK BRIAN LAFORTE,

      Defendant.

Criminal No. 19-256
ELECTRONICALLY FILED

## MEMORANDUM ORDER RE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(C)(1)(A) (doc. 63)

Pending before the Court is Defendant's *Pro Se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), (doc. 63), the Government's Response in Opposition (doc. 69), and Defendant's Reply thereto (doc. 73). For the following reasons, Defendant's Motion will be DENIED.

    *I.*    *Background*

On August 20, 2019, Defendant was charged in a one count Indictment with possession of material depicting the sexual exploitation of a minor in violation of 18 U.S.C. Section 2252(a)(4)(B) and 2252(b)(2). Doc. 1. On October 28, 2019, pursuant to a plea agreement, Defendant pleaded guilty to the one count Indictment. Doc. 26. On November 19, 2020, Defendant was sentenced to 78 months of imprisonment, to be followed by a 15-year term of supervised release and financial penalties. Doc. 57. The 78 month sentence of imprisonment represents a downward variance from the sentencing guideline range of 97 to 107 months imprisonment. Doc. 34. Defendant, who is 57 years of age, currently is confined at FCI Elkton,

and is projected to be released from Bureau of Prisons ("BOP") custody on August 21, 2026.[1]

Thus, to date, Defendant has served roughly 12 months (or less, depending upon report date) of his term of imprisonment, consisting of approximately 15 percent of his term of imprisonment.

Defendant filed his *Pro Se* Motion for Compassionate Release on August 25, 2021. Doc. 63. Upon Defendant's *Pro Se* filing, this Court appointed counsel to review it and determine whether a counseled Motion would be filed. Doc. 65. Once counsel declined to file a counseled Motion, Defendant sought to terminate counsel's representation, and the Court granted the Motion, thereby permitting Defendant to proceed *Pro Se* in this matter. Doc. 67 and Doc. 68. The Government then filed a Response in Opposition to Defendant's Motion, and after Defendant sought an extension to file his Reply, which the Court granted, the matter was fully briefed on December 14, 2020, when Defendant filed his Reply. Doc. 69, Doc. 71 and Doc. 73.

II.   Standard of Review

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. U.S.*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. U.S.*, 560 U.S. 817, 819 (2010) (stating, "[a] federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582, which provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited 1/4/2022).

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

As explained by the United States Court of Appeals for the Third Circuit in *United States v. Badini*, 839 Fed. App'x 678 (3d Cir. Mar. 11, 2021):

> The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id*. § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," *id*. § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," *id*. § 3553(a)(2)(A)–(C).

*Badini,* 839 Fed App'x. at 678-79.

In determining what should be considered an "extraordinary and compelling reason" for sentence reduction under Section 3582, the United States Sentencing Commission has defined the contours of the test, in relevant part, as follows:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.
>
>  . . .

3

> (ii) The defendant is
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1.  Notably, the Court of Appeals for the Third Circuit recently held that: "The policy statement's descriptions of extraordinary and compelling circumstances can 'guide discretion without being conclusive'."  *U.S. v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021) (quoting *U.S. v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

It is the defendant who bears the burden of proof, by a preponderance of the evidence, with respect to a motion for compassionate release brought pursuant to Section 3582(c)(1)(A). *U.S. v. Grasha*, Crim. No. 18-325, 2020 WL 5647829, at *2 (W.D. Pa. Sept. 24, 2020) (citations omitted).

Finally, there is an administrative exhaustion requirement that must be met before a defendant may file a Section 3582(c)(1)(A) motion with the Court.  As explained by the Court of Appeals for the Third Circuit in *U.S. v. Harris,* 812 Fed. App'x. 106 (3d Cir. 2020), Section 3582(c)(1)(A) "states that the defendant may file the motion [for compassionate release pursuant to Section 3582(c)(1)(A)] thirty days after the warden receives his request." *Harris,* 812 Fed. App'x. at 107.

### III. *Discussion*

In Defendant's Compassionate Release Motion, Defendant seeks a sentence reduction to time served on the basis of his medical conditions (hypertension, psoriasis and status post hernia

4

repair), and the medical conditions of his parents, whom he alleges, require his help.  The Government opposes Defendant's Compassionate Release Motion.

  A. *Defendant Has Sufficiently Exhausted His Administrative Remedies*

In support of his Compassionate Release Motion, Defendant indicates that he filed a request for compassionate release but received no response from the Warden of FCI-Elkton, where Defendant is currently incarcerated.  According to the Government, the BOP reports that Defendant submitted the same motion filed with the Court with a "Certificate of Service" date of July 26, 2021, and the Acting Warden of FCI Elkton, responded by letter attached as an Exhibit to the Government's Response, on September 10, 2021, denying Defendant's request.  Doc. 69.  Accordingly, since Defendant waited 30 days to file the instant Motion, the parties agree that he has exhausted his administrative remedies and the Motion is therefore ripe for review.

  B. *Merits Analysis of Defendant's Compassionate Release Motion*

Having reviewed the merits of Defendant's Compassionate Release Motion, his Motion will be denied because: (1) Defendant has not established an extraordinary and compelling reason for his 78-month term of imprisonment to be reduced to home confinement; and, (2) Defendant's release would not be appropriate upon consideration of the factors set forth in 18 U.S.C. § 3553.

> 1. *Defendant has not established an extraordinary and compelling reason under Section 3582(c)(1)(A) to reduce Defendant's term of incarceration to one of home confinement.*

Defendant has not established that any of the reasons he asserts in support of his Compassionate Release Motion constitute, alone or in combination, an extraordinary and compelling reason for Defendant's sentence to be reduced to time served/home confinement.

Defendant's medical conditions do not definitely place him at higher risk of complications of COVID-19. Defendant, who is a vaccinated individual, suffers from hypertension, psoriasis, and post-hernia repair, is not a greater risk of contracting or suffering complications from COVID-19. As the Government emphasizes, and this Court agrees, many courts, following CDC guidance, have found that hypertension only "might" or "possibly" present a risk of severe infection, and therefore, does not constitute an extraordinary or compelling reason to reduce his sentence. See, e.g., *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) ("commonplace" conditions of hypertension and hyperlipidemia are not extraordinary); *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (affirming district court's conclusion that defendant's hypertension was not extraordinary and compelling); *United States v. Elias*, 984 F.3d 516, 521 (6th Cir. 2021) (same); *United States v. Nesbitt*, 2020 WL 3412577, at *4 (E.D. Pa. June 22, 2020) (Bartle, J.) (ordinary hypertension does not justify release); *United States v. Daniels*, 2020 WL 4674125, at *3 (E.D. Pa. Aug. 12, 2020) (Schiller, J.) (same); *United States v. Tartaglione*, 2020 WL 3969778, at *6 (E.D. Pa. July 14, 2020) (Slomsky, J.) (hypertension and hyperthyroidism, if presented by 64-year-old, "are not the kind of conditions that place her at a uniquely high risk of grave illness or death if infected by COVID-19."); *United States v. Martines*, 2021 WL 427285, at *2 (E.D. Pa. Feb. 8, 2021) (Kearney, J.) (hypertension of 67-year-old is not a sufficient risk factor); *United States v. Williams*, 2020 WL 4756738, at *5 (E.D. Pa. Aug. 17, 2020) (Pratter, J.) ("Although the CDC recognizes that having certain other conditions, including hypertension or high blood pressure 'might be at an increased risk,' hypertension is not considered high risk at this time."); *United States v. Ackerman,* 2020 WL 5017618, at *5 (E.D. Pa. Aug. 25, 2020) (Marston, J.) ("Where, as here, there is no indication that the defendant's hypertension cannot be properly controlled via medication or other

appropriate medical care, courts routinely hold that compassionate release is not warranted.") (citing cases); *United States v. Syed*, 2020 WL 5995053, at *5 (M.D. Tenn. Oct. 9, 2020) (Richardson, J.) (even after six months the CDC continues to state that hypertension only "might" present a risk; the court therefore "concludes that Defendant's hypertension does not constitute extraordinary and compelling reasons for his release."); *United States v. Thomas*, 2020 WL 3895781, at *3 (W.D. Va. July 10, 2020) (Urbanski, J.) ("During the pandemic, courts in this district and across the country have released individuals suffering from hypertension, but only when these individuals also suffered from other underlying medical conditions."); *United States v. Colbert*, 2020 WL 3529533, at *2 (E.D. Mich. June 30, 2020) (Cleland, J.) ("Hypertension, a condition that affects about 46% of the U.S. adult population, high cholesterol, and having had prostate cancer in the past are not 'extraordinary and compelling' conditions.").

The Court finds that Defendant's hypertension, when combined with his other health conditions, his age, and his vaccination status, either alone or in combination, do not constitute an extraordinary and compelling reason for release. First, given that Defendant is fully vaccinated as of Spring of 2021, Defendant has not sufficiently established that this puts him at risk of severe illness or death if he contracts COVID-19 while incarcerated.

The CDC explains that people are considered to be fully vaccinated two weeks after they have received the second dose in a 2-dose series. *See* Guidance for Fully Vaccinated People, CENTERS FOR DISEASE CONROL AND PREVENTION (updated November 19, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html. In addition, "[p]eople who get vaccine breakthrough infections . . . are less likely than unvaccinated people to be hospitalized or die." *Id.* Thus, while the "COVID-19 situation is always-changing and . . . it is unclear how emerging COVID-19 variants will alter vaccine efficacy over time," as

of now, the CDC indicates that the Defendant has significant protection against serious illness due to his vaccination. *U.S. v. Hannigan*, Crim. No. 19-373, 2021 WL 1599707, at *5 (E.D. Pa. April 22, 2021). *See also U.S. v. Singh*, 525 F.Supp.3d 543, 547 (M.D. Pa. 2021) (concluding, "[Defendant's] recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with [Defendant's] underlying conditions, no longer presents an extraordinary and compelling reason to grant compassionate release."); *U.S. v. Ballenger*, Crim. No. 16-5535, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) (finding "[a]t this time, because [Defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release.").

Second, the evidence supports that the BOP at FCI Elkton is stable and doing well with vaccinations of its staff and inmates at approximately 81 percent. As of the date of this Memorandum Order, there are only 3 positive cases among inmates and only 9 among staff at FCI Elkton, with 9 deaths recorded as of the start of this pandemic.[2] Additionally, to date, 714 inmates and 88 staff members at FCI Elkton have fully recovered and FCI Elkton is at a Level 3 precautionary status (the highest level), thereby showing that it is taking appropriate precautions to prevent the spread of the virus.[3] *See U.S. v. Somerville*, 463 F.Supp.3d 585, 597-98 (W.D. Pa. 2020) (explaining, "a prisoner seeking release due to COVID-19 must at least show . . . an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held").

Additionally, Defendant contends that because his parents are in poor health and he needs to take care of them, that this constitutes an additional "extraordinary and compelling" reason to

---

[2] *See* https://www.bop.gov/coronavirus/ (last visited 1/4/22).
[3] *Id.* The total inmate population at FCI Elkton is 1,604 inmates. *See* https://www.bop.gov/locations/institutions/lex/ (last visited 1/4/22).

reduce his term of incarceration under Section 3582(c)(1)(A). Although the Court is sympathetic to Defendant's desire to care for his parents, whom Defendant explains suffer from numerous medical issues, as he has outlined in the Motion, Courts have routinely declined to grant early release on this basis. In fact, the Guidelines commentary explains that the only family circumstances that may justify a reduction of a defendant's prison term is either "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 app. note 1(C) (emphasis added). Under this policy statement, "[c]are of parents is not a qualifying basis for early release." See, e.g., *United States v. Henry*, 2020 WL 3791849, at *4 (E.D.N.Y. July 6, 2020); see also *United States v. Goldberg*, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("[T]he family circumstances that would amount to an extraordinary and compelling reason are strictly circumscribed" and "do not encompass providing care to elderly parents"). "Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Everett*, 2021 WL 322182, at *1 (W.D. Pa. Feb. 1, 2021) (*quoting United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019)). Moreover, as the Government highlights, Defendant has not provided sufficient evidence to establish that he is the only available caregiver for his parents as he has a brother who lives in the area.

> 2. *A sentence reduction in this case would not be consistent with the applicable factors set forth in 18 U.S.C. § 3553(a)*

After reviewing the applicable Section 3553(a) factors to determine if a reduction in sentence pursuant to Section 3582(c)(1)(A) is appropriate in this case, the Court finds that granting Defendant's request for a sentence reduction pursuant to Section 3582(c)(1)(A) is not appropriate due to: (1) the nature and circumstances of Defendant's offense; (2) Defendant's

criminal history (including a prior sex offense); (3) the need to protect the public from further crimes of Defendant; and (4) the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). Defendant committed a serious crime, which was not merely passive because he admitted to downloading and forwarding videos/images, for which there must be serious consequences. Additionally, the fact that it is not his first conviction evidencing his sexual interest in minors, is a further reason why a reduction is not warranted. Finally, the Court already granted a motion for downward variance to 78 months imprisonment (from the Guideline Range of 97 to 107 months imprisonment), and a further reduction is not warranted.

*IV. Conclusion*

For all of the above stated reasons, Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 63) is DENIED.

SO ORDERED this 5th day of January, 2022.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All ECF Registered Counsel of Record